UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDY VERNATTER,

    Petitioner,

    v.    CAUSE NO.: 3:18-CV-152-RLM-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Randy Vernatter, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision at the Indiana State Prison in which a disciplinary hearing officer found him guilty of engaging in an unauthorized financial transaction in violation of Indiana Department of Correction Offense B-220. Mr. Vernatter was sanctioned with the loss of ninety days earned credit time and was demoted from Credit Class 2 to Credit Class 3.

Mr. Vernatter argues that that he didn't send or receive any numbers to facilitate a financial transaction and that he didn't have control over deposits to his prison account. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-456 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's

decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

The hearing officer found Mr. Vernatter guilty of engaging in an unauthorized financial transaction. According to the departmental policy for prison accounts, "[o]ffenders found to be attempting or completing financial transactions, including the sending of monies from one offender to another or the sending of monies from the family/friends of one offender to another, shall be subject to disciplinary action." ECF 8-1 at 4. The conduct report says Mr. Vernatter received forty-five dollars in his prison account from an individual who was on the approved visitor list of another inmate. Id. at 1. The prison account summary and the approved visitor list of the other inmate are consistent with this report. Id. at 2-3. Because there is evidence in the record that could support the conclusion reached by the hearing officer, Mr. Vernatter's claims regarding the hearing officer's findings aren't a basis for habeas relief.

Mr. Vernatter also argues that he asked for a lay advocate but didn't get one. For prison disciplinary hearings, inmates are entitled to lay advocates if "an illiterate inmate is involved" or "[if] the complexity of the issues makes it unlikely

2

that the inmate will be able to collect and present evidence necessary for an adequate comprehension of the case." Wolff v. McDonnell, 418 U.S. 539, 570, (1974); Miller v. Duckworth, 963 F.2d 1002, 1004 (7th Cir. 1992). The record indicates that Mr. Vernatter received a lay advocate (ECF 8-3), but, even if he didn't, there is no indication that he was entitled to one. In light of his filings, Mr. Vernatter is clearly literate, and the disciplinary charge against him wasn't particularly complex.

Mr. Vernatter also argues that Sergeant Dunn shouldn't have served as both a screening officer and a witness at the disciplinary hearing. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. Id. Due process isn't violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. Id. Though Sergeant Dunn played a few roles during the course of the disciplinary proceedings, he didn't serve as the hearing officer. As a result, Mr. Vernatter's claim of improper bias is not a basis for habeas relief.

Finally, Mr. Vernatter argues that, according to an offender handbook, the prison account system shouldn't have allowed him to receive money from an individual who was not on his approved visitor list. The offender handbook reads, "In order for money to be submitted via JPay, friends/family must be on your

3

approved visitor list." ECF 2-1 at 6. Even assuming that Mr. Vernatter's interpretation of this provision is correct, a failure to follow internal policies doesn't rise to the level of a constitutional violation. Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); Keller v. Donahue, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). As a result, this argument is not a basis for habeas relief.

The court denies the habeas petition because Mr. Vernatter hasn't asserted a valid claim for habeas relief. If Mr. Vernatter wants to appeal this decision, he doesn't need a certificate of appealability because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 2);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Randy Vernatter leave to proceed in forma pauperis on appeal.

SO ORDERED on February 21, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT